# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James T. Samples,**
**Petitioner Below, Petitioner**

**FILED**

April 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 11-1656** (Kanawha County 99-MISC-370)

**David Ballard, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner James T. Samples, by counsel Gregory F. Ayers, appeals the Circuit Court of Kanawha County's order entered on October 31, 2011, denying his petition for writ of habeas corpus. Respondent Warden Ballard, by counsel Benjamin F. Yancey, filed a response in support of the circuit court's decision.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of first degree murder during the commission of an aggravated robbery and burglary. He was sentenced to life in prison without a recommendation of mercy on February 6, 1998. Petitioner filed a direct appeal which was refused by this Court on November 10, 1998. Petitioner filed a petition for writ of habeas corpus. His petition was denied and dismissed by the Circuit Court of Kanawha County. Petitioner appealed, and this Court remanded the matter to the circuit court for appointment of counsel. Petitioner's counsel filed an amended petition for writ of habeas corpus challenging jury selection, effective assistance of counsel, and the sufficiency of the indictment which led to his trial and conviction. Following a May 12, 2011, omnibus hearing, the circuit court entered its order denying the petition for writ of habeas corpus and affirming the petitioner's convictions. Petitioner now appeals the circuit court's order.

We review an appeal of a circuit court order denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of

1

law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Petitioner first argues that the circuit court erred in concluding that he received a fair and impartial jury and a fair sentencing process. During voir dire, counsel for petitioner did not question whether each juror could follow the law and consider a recommendation of mercy. Subsequent to the trial, two of the jurors who convicted petitioner completed a questionnaire indicating they would not be willing to consider mercy where the defendant is found guilty of first degree murder. He asserts that this failure to voir dire on the issue of mercy resulted in an unfair sentencing process. This Court has previously held:

> A prospective juror's eligibility to serve is not ordinarily to be determined by an isolated remark or answer to a single question. Rather, when confronted with a challenge for cause, the trial court should base its decision on the entire *voir dire* examination and the totality of the circumstances. The trial court is in the best position to evaluate a prospective juror's qualifications, and the trial court's decision on this issue will be affirmed absent an abuse of discretion.

Syl. Pt. 8, *Messer v. Hampden Coal Co., LLC*, 229 W.Va. 97, 727 S.E.2d 443 (2012).

In regard to sentencing, "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus point 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. Sulick*, No. 11-0043, 2012 WL 602889 (W.Va. Feb. 23, 2012). Under these standards, it is clear the circuit court did not abuse its discretion in its findings regarding jury selection and the sentencing process.

Petitioner asserts that he did not receive effective assistance of trial counsel in regard to voir dire. He also argues that he was denied his constitutional right to the effective assistance of counsel because counsel told the jury that petitioner was a convicted felon but did not request a limiting instruction. Respondent argues that the actions of counsel complained of by petitioner were intentional, strategic decisions. In addition, petitioner was specifically questioned by the trial court regarding the introduction of this evidence, and petitioner informed the court that he was in agreement with the introduction of such evidence.

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.* at Syl. Pt. 6; s*ee also State ex rel. Daniel v. Legursky,* 195 W.Va. 314, 320, 465 S.E.2d 416, 422 (1995). In this case, it cannot be said that counsel's performance was deficient under an objective standard or reasonableness or that there is a reasonable probability that the result of proceedings would have been different but for counsel's alleged unprofessional errors. Further, in reviewing counsel's performance under an objective standard in light of the circumstances, this Court finds that a reasonable lawyer would have acted as defense counsel acted. Under these standards and the facts of this case, petitioner was not denied his right to the effective assistance of counsel.

Finally, petitioner asserts that the indictment was fatally flawed. Respondent cites to West Virginia Code § 61-2-1 in support of the trial court's finding that petitioner could be convicted of felony murder under the indictment. As set forth by this Court previously, "An indictment need only meet minimal constitutional standards, and the sufficiency of an indictment is determined by practical rather than technical considerations." *State v. Hughes*, 225 W.Va. 218, 224, 691 S.E.2d 813, 819 (2010), *quoting* Syl. Pt. 2, in part, *State v. Miller*, 197 W.Va. 588, 476 S.E.2d 535. Reviewing the sufficiency of the indictment de novo, we find that the indictment was sufficient to sustain petitioner's conviction for felony murder.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED:** April 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3